UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT K. ADAMS, | ) | CV F- 05-0488 REC DLB P |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM |
| v. | ) | |
| | ) | |
| LARANCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff is a federal prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. On November 4, 2005, the Court issued an order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted. The Court granted plaintiff leave to file an amended complaint to cure the deficiencies identified in the order. On December 7, 2005, plaintiff filed an amended complaint. The Court has reviewed the amended complaint and finds that it fails to cure the deficiencies identified in the prior court order and therefore now recommends that the action be dismissed.

As previously noted, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims

that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  <u>Lopez v. Smith</u>, 203 F.3d 1122 (9th Cir. 2000) (en banc).

     In the amended complaint as in the original complaint, plaintiff names as defendants disciplinary hearing Officer Lorance; and Unit Disciplinary Committee Members Mayhem and Wells.  Plaintiff alleges that on January 26, 2005, he was placed in the Special Housing Unit and issued a disciplinary report for violating institutional rules and regulations.  Plaintiff contends the incident report contained another inmate's name and register number.  Plaintiff claims that on January 28, 2005, with no supporting evidence, defendants Mayhew and Wells conducted a hearing and found that plaintiff committed the prohibited acts as alleged in the report.  Plaintiff alleges that he informed the defendants that he had not been provided a copy of the incident report and further showed defendants that the report he received did not have his name in it.  Plaintiff also claims that defendants asked if he wanted a staff representative to represent him at the disciplinary hearing.  Plaintiff contends that he requested a staff representative but was denied.  Plaintiff claims he did not receive a copy of the disciplinary report that had his name and register until February 16, 2005.  Plaintiff alleges that on May 3, 2005, he was taken before defendant Lorance for a disciplinary hearing.  Plaintiff claims that defendants violated his right to a fair and impartial disciplinary hearing by denying him a staff representative in violation of his constitutional rights.  Plaintiff seeks an order directing that all disciplinary reports heard by the defendants be expunged from his institutional file; an order directing the Bureau of Prisons to restore all sanctions such as his good conduct time, telephone and commissary privileges; monetary relief; and an order restraining defendants from serving as either member of chairman of any disciplinary committee while employed by the Bureau of Prisons.

     As in the original complaint, the allegations in the amended complaint fail to state a cognizable claim for relief under section 1983.  As plaintiff has been advised, where, "success in a . . .

1  . [section] 1983 damages action would implicitly question the validity of conviction or duration of
2  sentence, the litigant must first achieve favorable termination of his available state, or federal habeas,
3  opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 540 U.S.
4  749, 751, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards
5  v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-
6  time credits were affected).

7  Because the punishment imposed at the disciplinary hearing affects the duration of plaintiff's
8  sentence, plaintiff's claim is barred until such time as plaintiff invalidates the result of the
9  disciplinary hearing. Accordingly, plaintiff may not pursue any claims for relief under section 1983
10 with respect to the issuance of the incident report and the disciplinary hearing at which he was found
11 guilty.

12 The court finds that plaintiff's complaint does not contain any claims upon which relief may
13 be granted under section 1983 and therefore the court recommends that this action be dismissed.
14 Because plaintiff has already been given the opportunity to file an amended complaint, the court
15 recommends that the dismissal be without leave to amend.

16 These Findings and Recommendations will be submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
18 **days** after being served with these Findings and Recommendations, plaintiff may file written
19 objections with the court. The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
21 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d
22 1153 (9th Cir. 1991).

23 IT IS SO ORDERED.

24 Dated:   January 3, 2006                    /s/ Dennis L. Beck
   3b142a                                UNITED STATES MAGISTRATE JUDGE